UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DONALD MUSK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-98-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ARROWOOD INDEMNITY CO., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In this bad faith insurance case, Defendant Arrowood Indemnity Company filed a motion for summary judgment, R. 11, to which Plaintiff responded, R. 19, and Defendant replied, R. 23. Because judicial estoppel bars Plaintiff's claims, summary judgment must be granted.

**BACKGROUND**

Most of the facts included in Plaintiff Donald Music's complaint are undisputed. *See* R. 1, Ex. 2 at 1-5 (Compl.). On October 28, 1997, Larry Carpenter and Music were in a car accident. *Id.* at 2. In 1999, Carpenter sued Music for negligence in Clark Circuit Court. *Id.* at 10. On November 8, 2001, Music notified Tri-City Insurance and Mayo State Vocational School (Arrowood's alleged predecessors in interest) of the claim against him. *Id.* at 3. On November 26, 2001, Music received a letter from the Kentucky Office of the Attorney General stating that his school, Mayo State Vocational School, was not liable for his action, and that the liability would be upon the insurance carrier and the third-party defendant. *Id.* at 4. While Music kept Tri-City abreast of what was transpiring, Tri-City did nothing to defend him in the action. *Id.* at 3-4.

On August 15, 2005, Clark Circuit Court entered a $392,310.06 default judgment against Music. *Id.* at 12-14. Carpenter was unable to collect from Music, so he sued his own insurance company, Globe American, for uninsured motorist benefits in Magoffin Circuit Court. *Id.* at 9-11. Globe American in turn sued Music for indemnity. *Id.* at 6-8.

On May 23, 2008, Music and his wife filed for Chapter 7 bankruptcy in the Eastern District of Kentucky. R. 1, Ex. 3 at 16-26. Music listed Carpenter's judgment and Globe American's suit as liabilities on his bankruptcy petition. R. 1, Ex. 4 at 14-21. He did not, however, list as assets any claims against Tri-City Insurance, Arrowood, or any other insurance company. *Id.* at 9-13. On September 16, 2008, the bankruptcy court granted Music a complete discharge from his liabilities. R. 1, Ex. 5 at 1.

Less than three months later, on December 9, 2008, Music filed a third-party complaint against "Arrowpoint Capital formerly known as Royal & Sunalliance Insurance Company," who Music identified as the successor in interest to Tri-City Insurance. R. 1, Ex. 2 at 1-5. Arrowood answered the complaint and notified Music of his misidentification. *Id.* at 19.

Music argues that Arrowood's predecessor in interest failed to defend Music against Carpenter's 1999 claims. R. 1, Ex. 2 at 1-5. Pursuant to the Kentucky Unfair Claims Settlement Practices Act, he seeks $392,310.06 in compensatory damages and punitive damages, interest, and attorney fees. *Id.* The Magoffin Circuit Court granted Arrowood's motion to sever this claim from the remainder of the action. R. 1, Ex. 5 at 24. On July 20, 2009, Arrowood removed this case to this Court. R. 1.

**DISCUSSION**

Judicial estoppel bars Music's claim against Arrowood. Judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (citations omitted); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." (citations omitted)).

Section 521(a)(1)(B) of the Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521a(1)(B). It is well-settled that a cause of action is an asset that a debtor must list in its schedule of assets. *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005). Moreover, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all *potential* causes of action." *Id.* (emphasis added) (citations omitted).

Music failed to list his claim against Arrowood, or any predecessor in interest, on his bankruptcy petition. In its discharge of the bankruptcy action, a bankruptcy court adopts the schedule of assets and liabilities as part of its final judgment. Thus, by bringing this claim now, Music represents a position contrary to his prior position, and thus, meets both of the requirements for judicial estoppel.

That does not, however, end the inquiry. The next step is to determine whether the prior

3

statement, or in this case lack of statement, was the result of a mistake or inadvertence. If so, judicial estoppel does not apply. *See Browning*, 283 F.3d at 776. A failure to disclose a cause of action in a bankruptcy proceeding can be inadvertent in two circumstances: (1) where "the debtor lacks knowledge of the factual basis of the undisclosed claims," or (2) where "the debtor has no motive for concealment." *Browning*, 283 F.3d at 776 (citations omitted). Even when viewing the facts in the light most favorable to the plaintiff, as this Court must, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the plaintiff cannot demonstrate "inadvertence."

Music claims he was not aware of the claim during bankruptcy. *See* R. 19. In support, he attached the affidavit of his former counsel, who states that he believed no insurance coverage existed for the claim because he did not hear back from the insurance company. R. 19, Ex. 1. In *Browning*, however, the Sixth Circuit held that so long as a person is aware of the factual basis for his claim, he cannot claim inadvertence for lack of knowledge. 283 F.3d at 776. In this case, the factual basis is quite strong. Music notified Tri-City Insurance Company (Music's alleged predecessor in interest) of his claims beginning in 2001. R. 1, Ex. 2 at 3. He states in his complaint that in his letter of November 8, 2001, he put Tri-City Insurance "on notice of a bad faith litigation if they did nothing to assist Mr. Music in defending himself in this lawsuit" and that "[a]t all times hereinafter the insurance carrier, the third party defendants, were notified of each and every stage of [the] proceedings." *Id.* at 4. Music not only knew of the facts underlying his claim, but he knew of the legal basis for the claim as early as 2001. Thus, it is clear that Music was aware of the "factual basis" for his claim and, most likely, aware of the

4

claim itself.[1]

Recently, a bankruptcy court applied judicial estoppel to dismiss a civil claim based on very similar facts. *In re Blose*, No. 01-36066, 2009 WL 2982932 (Bank. W.D. Ky. Sept. 14, 2009). Applying *Browning*, the bankruptcy court found that Blose knew of the facts underlying her claims because she and her father had spoken with an attorney about them years prior. *Id.* at *4. Thus, like Music, Blose could not claim inadvertence due to lack of knowledge.

Music also loses on the second way inadvertence can be shown; indeed, there is little question Music had a motive to conceal his claim. The bankruptcy discharge completely eliminated Music's liabilities to Carpenter and Globe American for the $392,310.06 judgment. By failing to disclose the claim against Arrowood to the bankruptcy court, the court could not use that potential asset to offset any of Music's liability. Now, while Music will never have to pay Carpenter or Globe American any of the $392,310.06 judgment, he seeks to win that amount back from Arrowood. This indeed is an example of a plaintiff who "intended to have its cake and eat it too." *Browning*, 283 F.3d at 776. Music would receive a windfall from concealment of his claim were this case permitted to go forward and Music to prevail.

As such, this case is unlike *Browning*. In *Browning*, the plaintiff, Nationwise, had no motive to conceal its claim until after its bankruptcy was finalized because under its Chapter 11 reorganization plan any future assets would be distributed to creditors not to Nationwise. *Id.* at 776. In other words, Nationwise gained nothing by waiting to file suit. The same is not true for

---

[1] The fact that Music brought his bad faith claim within months of the bankruptcy discharge further supports the claim that Music was aware of this claim during the bankruptcy.

5

Music because Chapter 7 personal bankruptcy does not require a repayment schedule like Chapter 11 does.  Thus, any recovery from this lawsuit would flow solely to him.  *See Blose*, 2009 WL 2982932, at *4 (holding Blose "possessed a motive to conceal her claim since any recovery post discharge would inure to her, rather than her bankruptcy estate.").

This case also differs from *Eubanks v. CBSK Financial Group*, where the Sixth Circuit again found that judicial estoppel did not apply because the plaintiffs "evidenced no motive or intention to conceal the potential claim." 385 F.3d 894, 897 (6th Cir. 2004).  In *Eubanks,* the plaintiffs had tried to amend their bankruptcy petition to include a claim against the defendant, but the defendant struck the amendment from the pleading.  *Id.* at 898-99.  Music took no similar steps.  Thus, Music fails to provide sufficient evidence from which a jury could find in his favor, and summary judgment must be granted in favor of the defendant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

6

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Defendant Arrowood Indemnity Company's motion for summary judgment, R. 11, is **GRANTED**.

(2) Any pending motions are denied as **MOOT** and any scheduled hearings or deadlines are **VACATED**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendant.

This the 15th day of December, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge